IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID W. PULLAN                                             PLAINTIFF

v.                          CIVIL NO. 04-2226

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff David W. Pullan brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## Procedural Background:

The applications for DIB and SSI presently before this court were filed on August 22, 2001, alleging an inability to work since December 28, 1997, due to a mental impairment and residuals from two brain surgeries. (Tr. 55-58, 144-146). An administrative hearing was held on September 4, 2002. (Tr. 158-187). Plaintiff was present and represented by counsel.

By written decision dated March 18, 2003, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 21). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional activities of less than the full range of light work. More specifically, plaintiff could continuously lift and carry up to twenty pounds, frequently lift and carry up to fifty pounds, and occasionally lift and carry up to one hundred pounds; could sit, stand and walk up to six hours total in an eight-hour workday; could frequently perform fine grasping and frequently use both of his feet in work-related functions; could occasionally climb and balance and continuously stoop, crouch, kneel or crawl; could continuously reach and frequently handle, feel, push/pull, hear or speak; and could work around chemical, noise, humidity, dust, temperature extremes, fumes or vibrations but should not work around heights or moving machinery. Due to borderline intellectual functioning, the ALJ found that in the area of making occupational adjustments plaintiff has a good ability to follow work rules, relate to co-workers, deal with the public, use judgment with the public, interact with supervisors, deal with work stresses and function independently; and a fair ability to maintain attention and concentration. In the area of performance adjustments, plaintiff has a good ability to understand, remember, and carry out complex and detailed job instructions; and poor to no ability to understand, remember, carry out complex and detailed job instructions. In the area of making personal-social adjustments, plaintiff has a good ability to maintain personal appearance, behave in an emotionally stable manner and relate predictability in social situations; and a fair ability to demonstrate reliability. (Tr. 21). With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a truck stop attendant and a stocker/stacker in a grocery store. (Tr. 21).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on September 18, 2004. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 9, 10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and

others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ found plaintiff could perform a limited range of light work. Specifically, he found plaintiff was able to stand and walk six hours out of an eight-hour workday. In making this determination, the ALJ discounted Dr. Bradley Short's, a consultative examiner's, opinion that due to plaintiff's abnormal gait and problems with coordination and balance, he could stand for two hours out of an eight-hour workday, one hour without interruption and could walk for two hours out of an eight-hour, one hour without interruption. Dr. Short's assessment is the only physical RFC assessment of record. Furthermore, it appears his opinion is based on his physical examination of plaintiff on October 15, 2002. (Tr. 137-138). Upon examining plaintiff, Dr. Short noted plaintiff exhibited some dysmetria with finger-nose-finger; that he was slow to perform rapid alternating movements, bilaterally; that he was able to perform heel shin with some concentration and increased time; that his gait was mildly broad based but there was no evidence of foot drop; that he was unable to perform tandem gait, as he fell to the right; and that he was unable to perform Romberg as he tended to fall to the right and

backward.[1] (Tr. 138). The ALJ is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination. Based on the all the medical evidence of record, we do not find substantial evidence to support the ALJ's RFC determination.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. Due to the nature of plaintiff's neurological impairments and the lack of medical evidence of record, the ALJ is directed to order a consultative neurological exam, in which, the consultative neuropsychiatrist, should be asked to review the medical evidence of record, perform mental and physical examinations and appropriate testing needed to properly diagnosis plaintiff's condition, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to his past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995). We note, there is evidence of record that plaintiff's employers made accommodations for him. On remand, the ALJ should make inquiries as to the exact nature of these accommodations.

---

[1] Dysmetria is defined as a condition in which there is improper estimation of distance in muscular acts, with disturbance of the power to control the range of muscular movement, often resulting in overreaching. *See* Dorland's Illustrated Medication, Dictionary at 555, 29th Edition (2000).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of October 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE